Voto particular de conformidad del
Juez Asociado Señor Martínez Torres.
El Juez Presidente Señor Hernández Denton disiente de la Resolución del Tribunal porque detiene preventiva-mente el escrutinio de las primarias de 2012. Permitir que continúe el escrutinio, sin embargo, significaría que de pre-valecer la parte peticionaria habría que ordenar que se re-haga lo hecho. Rechazo esa inutilidad.
Se queja también de que no se permita al Tribunal de Primera Instancia atender el caso. Si ese foro hubiera atendido este caso con la premura que amerita, nuestra intervención sería innecesaria. Me parece que la disidencia debería ir dirigida al foro que no atendió este caso pero sí le daba prioridad a un mandamus contra la parte peticio-naria.
La cuestión planteada es de Derecho: si puede y debe ordenarse que se dé acceso a las listas de votantes en las primarias, como mecanismo para detectar y dilucidar unas alegaciones de fraude electoral. No hay prueba que eva-luar, a menos que el Juez Presidente pretenda que se pruebe el fraude alegado antes de resolver si las listas son necesarias precisamente para probar el mismo fraude. Eso no tiene sentido. Por lo tanto, podemos intervenir en esta etapa. El interés público y la tardanza del Tribunal de Pri-mera Instancia para atender el planteamiento de derecho que se trajo a su atención hacen imperativo que interven-gamos con premura.
Por último, valga aclarar que los términos para que las partes expongan su posición en una vista oral son los que nuestros reglamentos siempre han recogido. Son los mis-mos del reglamento de 1996. Si eran adecuados entonces, también lo son ahora.
Resolver este asunto con premura promueve la certeza y la confianza en el proceso electoral. El escrutinio de las *286 primarias ha sido cuestionado. Esto tiene que resolverse ya para salvaguardar la confianza del Pueblo en nuestro sis-tema electoral.
— O —